**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

David M. Diaz,

Plaintiff,

Civil No. 01-2217 DWF/AJB

v.

**ORDER**

Brian Warner, a.k.a. Marilyn Manson, et al.,

Defendants.

This case came before the Court on Plaintiff's motion for leave to amend to state claims for negligent hiring and negligent supervision. Based on the file, affidavits, memoranda and arguments of counsel, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion is granted [Docket No. 16].

Dated: May 8, 2002

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

After an answer has been filed in a case, a party may amend their pleadings only by leave of court and leave shall be given when justice so requires. FED. R. CIV. P. 15(a). Justification for denying a motion to amend includes futility of the amendment. Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998). Here, Plaintiff seeks to add claims for negligent hiring and

FILED MAY 13 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

negligent supervision. The only defendant to oppose the motion was Nothing Records, Inc. (Nothing Records). Nothing Records argues that the motion should be denied on grounds of futility. The Court disagrees. Futility should not be the basis for denying a motion to amend unless a proposed claim is clearly frivolous. Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 908 (8th Cir. 1999). In light of the factual allegations in the complaint, the Court concludes that the proposed claims are not clearly frivolous.

AJB