**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

David M. Diaz, Civil No. 01-2217 DWF/AJB

Plaintiff,

v.

**ORDER ON MOTIONS FOR PROTECTIVE ORDER**

Brian Warner, et al.,

Defendants.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on defendants' motions for protective order quashing depositions of defendants' representatives pursuant to Fed. R. Civ. P. 30(b)(6). Hearing held on August 2, 2002, at the U.S. Courthouse, 316 No. Robert St., St. Paul, MN 55101. J. Abrams, Esq., and Lance B. Nyberg, Esq., appeared on behalf of defendants Vivendi Universal, Universal Music Group, Inc., and InterScope Records, Inc. [Vivendi, et al.]. Christopher T. Shaheen, Esq., appeared on behalf of the defendant Jimmy's Touring, Inc., and Scott A. Johnson appeared on behalf of defendant Nothing Records, Inc. Plaintiff was represented by Jennifer A. Kitchak, Esq. Plaintiffs have noticed Rule 30(b)(6) depositions to take place in Minneapolis, MN. Defendants Vivendi, et al. and Jimmy's Touring object and move for an order requiring that defendants' depositions take place in Los Angeles, California, at a date to be arranged among the parties. Defendant Nothing Records objects and seeks and order requiring that the deposition of its representative take place in New York, New York, or Cleveland, Ohio. Plaintiff opposes the motions

Based upon the file and memorandums, along with affidavits and arguments of



AUG 0 5 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

counsel, **IT IS HEREBY ORDERED THAT** the motion for protective order by defendants Vivendi Universal, Universal Music Group, Inc., and InterScope Records, Inc. [Docket No. 34] is **granted**; the motion for protective order by defendant Jimmy's Touring, Inc. [Docket No. __] is **granted;** and the motion for protective order by defendant Nothing Records [Docket No. __] is **granted in part and denied in part** as provided herein. Defendant Rule 30(b)(6) depositions presently noticed to take place in Minneapolis, Minnesota on August 12, 2002, with respect to defendants Jimmy's Touring, Inc., and Nothing Records, Inc.; and August 13-14, 2002, with respect to defendants Vivendi Universal, Universal Music Group, Inc., and InterScope Records, Inc. are hereby **quashed**. All Rule 30(b)(6) depositions may be noticed to take place in Los Angeles, California. Parties shall endeavor to mutually select a time for depositions, but in any event, defendants shall be available for depositions before September 1, 2002.

Dated: 8/5/02

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Though the Court has discretion under Fed. R. Civ. P. 26(c)(2) to designate the time and place for depositions, defendants contend that the Court should apply a general rule that depositions of corporate representatives should take place at the corporation's principal place of business. General Leasing Company v. Lawrence Photo-Graphic Supply, Inc., 84 F.R.D. 130, 131 (W.D. Miss. 1979). In arguing that convenience concerns weigh in favor of conducting

depositions in Minneapolis, plaintiff focuses primarily on the convenience to attorneys, noting that most of the counsel involved in this matter are located in the forum district. The argument neglects the preferences and conveniences concerns of the party representatives themselves. Upon considering and weighing the convenience to all parties involved in this matter it is the Court's conclusions that all Rule 30(b)(6) depositions in this matter should take place in Los Angeles, California, over a two or three day period of time that can be determined by mutual agreement of all the parties.