UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David M. Diaz,

Plaintiff,

v.

Brian Warner a.k.a Marilyn Manson, Jimmy's Touring, Inc., Vivendi Universal, Universal Music Group, Inc., Interscope Records, Inc., Nothing Records, Inc., and ABC-XYZ Corporations,

Defendants.

Civil File No. 01-CV-2217 DWF/AJB

**AGREED PROTECTIVE ORDER**

This agreed protective order ("Order") is entered into by and between David M. Diaz ("Plaintiff"), Brian Warner a.k.a Marilyn Manson ("Marilyn Manson"), Jimmy's Touring, Inc. ("Jimmy's Touring"), Vivendi Universal ("Vivendi"), Universal Music Group, Inc. ("Universal"), Interscope Records, Inc. ("Interscope"), and Nothing Records, Inc. (hereinafter individually referred to as a "Party" or collectively as "the Parties").

WHEREAS, the Parties recognize the need to effectuate legitimate discovery while protecting Defendants' interest in maintaining the confidentiality of certain proprietary and confidential information.

IT IS HEREBY STIPULATED AND AGREED by and between the Parties, through their undersigned attorneys where noted, as follows:

1. The term "Confidential Material" shall include all information, documents and other materials revealed or disclosed during the proceedings and trial of the above

FILED AUG 0 9 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

APR 1 0 2002

matter that are designated as "Confidential" in the manner set forth in paragraph 3 of this Protective Order (the "Order"). Materials shall be designated as "Confidential" only when the designating Party has a good faith belief that the material contains trade secrets, proprietary information or other confidential information that can be the subject of protection under Fed. R. Civ. P. 26(c). Such designation shall, without more, subject the designated material to the provisions of this Order, and all such material shall be protected, used, handled and disposed of strictly in accordance with the provisions of this Order.

2. For purposes of this Order, "Document" means any written, recorded, graphic, computer generated, videotaped matter of any nature whatsoever, in any form whatsoever, including any discovery response or excerpt thereof which is served, produced or provided by any Party to any of the other Parties in connection with the above-captioned case (the "Lawsuit").

3. Any document or thing produced by a Party in this litigation may be designated as Confidential Material by marking it "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" on the face of the document or thing at or prior to the time of production.

4. "Confidential Document" also includes any deposition testimony, exhibit or report which contains, discusses or refers to any and all Confidential Material covered by this Agreed Protective Order. The original and each copy of the transcript (including the exhibits) of each such deposition taken in the Lawsuit subsequent to the date on which this Order is entered by the Court shall be marked:

THIS DEPOSITION TRANSCRIPT (INCLUDING ANY EXHIBITS) MAY CONTAIN CONFIDENTIAL INFORMATION SUBJECT TO AN AGREED PROTECTIVE ORDER LIMITING THE USE AND DISCLOSURE OF CERTAIN MATERIALS AND INFORMATION.

DO NOT USE, COPY OR DISCLOSE THIS TRANSCRIPT (INCLUDING EXHIBITS) WITHOUT ASCERTAINING WHETHER THE TRANSCRIPT OR EXHIBITS ARE CONFIDENTIAL DOCUMENTS OR CONTAIN CONFIDENTIAL INFORMATION SUBJECT TO THE PROTECTIVE ORDER.

5. If a question asked at a deposition calls for information contained in a Confidential Document or the question contains such information, or if a Confidential Document is made an exhibit to the deposition transcript, counsel for the producing Party may designate the information as confidential on the record or by written notice to the other parties within five (5) days of receipt of transcript. Depositions shall be treated as "CONFIDENTIAL" during the five day period following receipt of the transcript.

6. Any person (including the Parties and the persons listed in Paragraph 7, subparagraphs A through F, of this Order) receiving a Confidential Document, whether formally or informally, in connection with the Lawsuit shall not use such document, or any information contained therein, for any purpose whatsoever other than the prosecution, defense or settlement of the Lawsuit.

7. Except with the prior written consent of the producing Party, no Confidential Document and no information contained therein may be used, disclosed or in any way communicated to any person other than the following:

A. Counsel for any Party and persons regularly employed in the offices of such counsel;

B. Consultants or experts retained by the Parties or by their counsel, or potential witnesses (including deponents) who have a legitimate need for access to such Confidential Document in connection with their testimony in the Lawsuit;

C. Third parties employed by a Party or its counsel in a litigation support capacity to review, organize, encode, copy, analyze or retrieve documents or information in connection with the Lawsuit;

D. Deposition and trial court reporters;

E. The Court and Court personnel; and

F. Any other person agreed to in writing by all the Parties.

8. With the exception of those persons identified in Paragraph 7(E):

A. The Plaintiff shall notify each person to whom it discloses any Confidential Document or any information contained in any Confidential Document that the Confidential Document(s) and information are subject to the terms of a protective order and may not be used, disclosed, or in any way communicated except pursuant to the terms of this Order. In addition, the Plaintiff shall obtain from each such person a signed written assurance to be bound by this Order in the form appended herein as Exhibit "A" and shall maintain the signed written assurance until one hundred and twenty (120) days after the termination of the Lawsuit by settlement, non-appealable final judgment, or exhaustion of all appeals.

B. The Defendants shall notify each person to whom they disclose any Confidential Document or any information contained in any Confidential Document that the Confidential Document(s) and information are subject to the terms of a protective

order and may not be used, disclosed, or in any way communicated except pursuant to the terms of this Order. In addition, the Defendant shall obtain from each such person a signed written assurance to be bound by this Order in the form appended hereto as Exhibit "A" and shall maintain the signed written assurance until one hundred and twenty (120) days after the termination of the Lawsuit by settlement, non-appealable final judgment, or exhaustion of all appeals.

9. Any Party may apply to the Court for relief from, or modification of, this Order, or for the removal of the confidential designation from any information or documents, and disputes regarding the propriety of such designation and/or whether disclosure or communication of Confidential Documents to a particular person is authorized by this Order.

10. Notwithstanding any other provision of this Order, if a Party inadvertently fails to designate material or information as "Confidential," the designation may be made by notifying the Parties hereto in writing as soon as practicable after discovering the inadvertent failure to designate. After receiving such notification, the Party to whom production has been made will treat that material or information as "Confidential," subject to its right to challenge such designation in accordance with this Order.

11. A Party objecting to the designation of any Document or deposition testimony as "Confidential" shall notify counsel for the designating Party in writing, setting forth the specific reasons for such objection. The designating Party shall respond in writing within ten (10) business days after receiving such notice, serving a copy of the written response on all Parties on the same date. All Parties will continue to treat any

Documents or deposition testimony or exhibit with respect to which objection has been made as Confidential Documents, in accordance with this Order, until the Parties have resolved, or the Court has ruled on, the objection.

12. All Confidential Documents filed with the Court prior to trial must be filed under seal to protect against disclosure of such documents.

13. This Order is entered solely for the purpose of facilitating discovery in this action without unnecessarily involving the Court. Nothing in this Order shall be deemed to have the effect of: (i) an admission or waiver by any Party, (ii) altering the confidential or proprietary or nonconfidential or nonproprietary nature of any document under the terms of this Order, (iii) altering any existing obligation, privilege or rights of any Party in the absence of this Order, or (iv) limiting, preventing, or having any effect on the manner in which any Confidential Document or information contained in any Confidential Document may be introduced into evidence or otherwise used at trial.

14. Notwithstanding Paragraph 13, the Parties retain their right to request that the Court order that Confidential Documents be introduced at trial under seal in order to protect their confidentiality.

15. Within sixty (60) days after the conclusion of trial and all appeals or any other termination of this action, all Confidential Documents shall be returned to the producing party or destroyed in a mutually agreeable manner, and all excerpts and summaries thereof shall be destroyed, except that attorney work product containing such information may be maintained, subject to all other provisions of this Protective Order.

The prohibitions of this Order which restrict the disclosure and use of Confidential Documents shall continue to be binding after the conclusion of this action.

STIPULATED AND AGREED:

Dated: 6/20/02, 2002

NICHOLS, KASTER & ANDERSON, PLLP

By ______________________
James H. Kaster #53946
4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2242
Telephone: (612) 338-1919

Attorneys for Plaintiff

Dated: 7/22/02, 2002

DORSEY & WHITNEY LLP

By ______________________
Christopher T. Shaheen #0246384
Theresa M. Bevilacqua #031500X
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Defendants Marilyn Manson and Jimmy's Touring, Inc.

Dated: 8-1, 2002

ABRAMS & SMITH, P.A.

By Lance B. Nyberg

Lance B. Nyberg #80160
Jerome B. Abrams #126627
Suite 700, 625 Marquette Ave.
Minneapolis, MN 55402
Telephone: (612) 342-0210

Attorneys for Defendants Vivendi Universal, Universal Music Group Inc. and Interscope Records, Inc.

Dated: ____________________, 2002

FABYANSKE, WESTRA & HART

By ______________________________

Marvin T. Fabyanske #28022
Scott A. Johnson #247546
Suite 1100, 920 Second Ave.
Minneapolis, MN 55402
Telephone: (612) 338-0115

Attorneys for Defendants Nothing Records

APPROVED AND ORDERED:

Dated:______________________, 2002

______________________________
UNITED STATES DISTRICT JUDGE

Dated: ____________________, 2002

ABRAMS & SMITH, P.A.

By ______________________________

Lance B. Nyberg #80160
Jerome B. Abrams #126627
Suite 700, 625 Marquette Ave.
Minneapolis, MN 55402
Telephone: (612) 342-0210

Attorneys for Defendants Vivendi Universal, Universal Music Group Inc. and Interscope Records, Inc.

Dated: July 26, 2002

FABYANSKE, WESTRA & HART

By [signature]

Marvin T. Fabyanske #28022
Scott A. Johnson #247546
Suite 1100, 920 Second Ave.
Minneapolis, MN 55402
Telephone: (612) 338-0115

Attorneys for Defendants Nothing Records

APPROVED AND ORDERED:

Dated: August 9, 2002

[signature]
UNITED STATES ~~DISTRICT~~ JUDGE
MAGISTRATE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.