**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

DAVID M. DIAZ,

Plaintiff,

Civil No. 01-2217 DWF/AJB

v.

**ORDER**

BRIAN WARNER, ET AL.,

Defendants.

---

The above matter came before the Court on Plaintiff's Motion to Amend Complaint for Punitive Damages. [Document No. 61]. A hearing was held on January 13, 2003, at the U. S. Courthouse, 316 Robert St., St. Paul, Minnesota. Jennifer A. Kitchak, Esq., appeared on behalf Plaintiff David Diaz, and Christopher T. Shaheen, Esq., appeared on behalf of the Defendants. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Amend Complaint for Punitive Damages is **granted** in part and **denied** in part, as provided below. [Document No. 61].

Dated: 1/24/03

Arthur J. Boylan
United States Magistrate Judge

## MEMORANDUM

In Minnesota, a party may not plead punitive damages in its original complaint. MINN. STAT. § 549.191. The party must make a motion to the Court for leave to amend the complaint to include a claim for punitive damages. Id. The party must establish a legal basis for the claim,

FILED JAN 2 4 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

and the motion must "be accompanied by one or more affidavits showing the factual basis for the claim." Id. The submitted affidavits must provide "clear and convincing" evidence showing that a defendant acted with deliberate disregard for the rights of the plaintiff. Gamma-10 Plastics v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994). This policy was enacted to prevent frivolous punitive damage claims by allowing a court to determine first if punitive damages are appropriate. Id.

The enactment of the punitive damages statute in 1978 "reflected an intent to limit punitive damages in civil actions by making the remedy available 'only upon clear and convincing evidence that the acts of the defendant show a willful indifference to the rights or safety of others.'" Jensen v. Walsh, 623 N.W.2d 247, 250 (Minn. 2001). In 1990, the statute was further amended to change "willful indifference" to "deliberate disregard" and to limit punitive damages by defining deliberate disregard. Id. A defendant acts with "deliberate disregard" by acting with intent or indifference to threaten the rights or safety of others. Gamma-10 Plastics, 32 F.3d at 1255. The trial court has discretion in allowing a plaintiff to amend its complain to assert punitive damages, but "may not allow an amendment where the motion and supporting affidavits do not reasonably allow a conclusion that clear and convincing evidence will establish the defendant acted with willful indifference ...." Id.

"The purpose of punitive damages are to punish the perpetrator, to deter repeat behavior and to deter others from engaging in similar behavior." Jensen, 623 N.W.2d at 251. "It is therefore appropriate, in determining whether punitive damages should be allowed, to focus on the wrongdoer's conduct rather than to focus on the type of damage that results from the conduct." Id.

On October 27, 2000, Diaz worked at the Orpheum Theater as a security guard for a concert performed by Warner. Diaz was assigned to the "front barricade," and it was his job to stand in front of the stage and stop any audience members from rushing the stage. Diaz testified that he was briefed before the concert about Warner's possible behavior. [Diaz Depo. 7:10-12]. Diaz said that his boss "let us know that he [Warner] will probably come up behind you, pour something on you or he'll probably spit on you." [Diaz Depo. 7:10-14]. Diaz had no concern about working the front barricade, even after the briefing. [Diaz Depo. 12:18-21].

However, during the concert, Warner walked up behind Diaz, grabbed Diaz's head, put it between his legs and gyrated. Diaz described the incident at his deposition: "he literally grabbed my head and put it between his legs and put his crotch against the back of my head." [Diaz Depo. 13:6-7]. These actions show a deliberate disregard for Diaz's rights or safety and constitute prima facie evidence of a case meriting punitive damages.

Minnesota courts have determined that, in applying Minn. Stat. § 549.191, "prima facie evidence is that evidence which, if unrebutted, would support a judgment in that party's favor." Ulrich v. City of Crosby, 848 F.Supp. 861, 867 (Minn. D. 1994). Diaz's testimony, if unrebutted, could support a judgment in his favor. Although Warner testified at deposition that he believed the front row security guards had been warned that they could become part of the show, this Court does not consider contrary testimony in determining whether plaintiff has alleged a prima facie case. [Warner Depo. 27:19-24].

Here, Diaz has made the showing necessary to allege a claim of punitive damages. He has presented a prima facie case that Warner had either intent to injure or indifference to the possibility that his actions could cause injury to Diaz's rights or safety and nevertheless

proceeded to act. See MINN. STAT. § 549.20, subd. 1.

Although this Court grants Diaz leave to amend his complaint to assert punitive damages against Warner, he may not seek them from Jimmy's Touring. Diaz's claim against Jimmy's touring is based on negligent hiring, supervision and retention, and negligence is insufficient to support a punitive damages claim. Hern v. Bankers Life Cas. Co., 133 F.Supp.2d 1130, 1135 (D.Minn. 2001).

AJB