**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

David M. Diaz,

Plaintiff,

v.

Brian Warner a/k/a Marilyn Manson; Jimmy's Touring, Inc.; and ABC-XYZ Corporation,

Defendants.

Civil No. 01-2217 (DWF/AJB)

**ORDER AND MEMORANDUM**

---

James H. Kaster, Esq., Diane M. Odeen, Esq., and Jennifer A. Kitchak, Esq., Nichols Kaster & Anderson, 4644 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, counsel for Plaintiff.

Christopher T. Shaheen, Esq., and Theresa M. Bevilacqua, Esq., Dorsey & Whitney, 50 Sixth Street South, Suite 1500, Minneapolis, MN 55402-1498, counsel for Defendants. Brian Warner a/k/a Marilyn Manson and Jimmy's Touring, Inc.

---

This matter is before the Court upon the Defendant Brian Warner, a/k/a Marilyn Manson's ("Manson") appeal of Magistrate Judge Arthur J. Boylan's order dated January 24, 2003, to the extent it permits Plaintiff to amend his complaint to add a claim for punitive damages against Defendant Manson. Plaintiff opposes Defendant's appeal. The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been

MAR 04 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Based upon the presentations of the parties, including the written submissions and memorandums of the parties, and the Court's review of the contents of the file in this matter and the Court being otherwise duly advised in the premises, the Court hereby finds that Magistrate Judge Boylan's order dated January 24, 2003, is neither clearly erroneous nor contrary to law. The Court denies Defendant's appeal and affirms Magistrate Judge Boylan's order of January 24, 2003, in all respects.

Accordingly, **IT IS HEREBY ORDERED** THAT:

1. Magistrate Judge Arthur J. Boylan's order of January 24, 2003 (Doc. No. 83) is **AFFIRMED** in all respects.

Dated: March 4, 2003

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

In his appeal, Defendant Manson asserts that Magistrate Judge Boylan failed to consider a videotape of the incident giving rise to this lawsuit. Had Magistrate Judge Boylan reviewed the videotape, Defendant argues, he would have been compelled to disregard Plaintiff's self-serving testimony because the videotape clearly shows the Plaintiff smiling throughout the incident, giving Defendant Manson a "high five," and pumping his fist at the concert crowd in apparent jubilation following the incident.

The Court has reviewed the entire record, including the videotape referenced by the Defendant in his appeal. Contrary to Defendant's assertions, the videotape does not compel a complete disregard for Plaintiff's testimony regarding the unwanted and distasteful nature of the contact. It is at least possible that Plaintiff's apparent exultation during and in the wake of Manson's pelvic gyration was an attempt by Plaintiff to "save face" in front of an enormous crowd. Whether Plaintiff's behavior on the videotape belies his present testimony is a question for a fact-finder. Plaintiff Diaz has made the requisite showing to allege a claim of punitive damages. Magistrate Judge Arthur J. Boylan's order of January 24, 2003, is neither clearly erroneous nor contrary to law.

Whether this case is a "celebrity shakedown lawsuit" as suggested by the Defendant in his brief, or a tortious interaction between the back of Plaintiff's head and the crotch of Defendant Manson, the Court cannot say. That is a question for a jury. The Court can say, however, that plaintiffs too often attach undue significance to small procedural victories in a case. The Court wishes to emphasize that the Court today concludes only that the behavior exhibited in the videotape does not *necessarily* contradict Plaintiff's testimony; the Court's decision is not, however, a barometer for how a jury will weigh the videotape against Plaintiff's current stance. In other words, the Court urges the parties to take this decision only for what it is and not as a sign of things to come.

D.W.F.