**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

David M. Diaz,

Plaintiff,

v.

Brian Warner a/k/a Marilyn Manson
and Jimmy's Touring, Inc.,

Defendants.

Civil No. 01-2217 (DWF/AJB)

**ORDER FOR JUDGMENT**

---

James H. Kaster, Esq., and Jennifer A. Kitchak, Esq., Nichols Kaster & Anderson, 4644 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402; Diane M. Odeen, Esq., Lommen Nelson Cole & Stageberg, 1800 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402; and John D. Nickola, Esq., Nickola & Nickola, 444 Church Street, Flint, MI 48502, counsel for Plaintiff.

Christopher T. Shaheen, Esq., and Theresa M. Bevilacqua, Esq., Dorsey & Whitney, 50 Sixth Street South, Suite 1500, Minneapolis, MN 55402-1498; Bert H. Deixler, Esq., Proskauer Rose, 2049 Century Park E, 32nd Floor, Los Angeles, CA 90067, counsel for Defendants.

---

The above-entitled matter came on for trial before the undersigned and a jury on September 2, 3, and 4, 2003. On September 8, 2003, the jury returned its verdict in the form of Special Verdict answers to the questions that were posed to it by the Court. The Special Verdict Form is attached as Appendix A.

Based upon all of the files, records, and proceedings herein, including the answers to the Special Verdict questions returned by the jury on September 8, 2003, subscribed by the foreperson

FILED SEP 1 5 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD SEP 1 5 2003
DEPUTY CLERK

thereof on September 8, 2003, **IT IS ORDERED** that Plaintiff's Complaint against the Defendants in this case is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 15, 2003

DONOVAN W. FRANK
Judge of United States District Court

APPENDIX A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

David M. Diaz,

Plaintiff,

v.

Brian Warner, a/k/a
Marilyn Manson, and
Jimmy's Touring, Inc.,

Defendants.

Civil No. 01-2217 (DWF/AJB)

**SPECIAL VERDICT FORM**

**CIVIL BATTERY**

**QUESTION ONE**: Did Defendant Brian Warner commit a battery against Plaintiff David M. Diaz?

Yes: _____ No: X

**(If you answered "No" to Question One, then do not answer any more questions on this Special Verdict form and have your foreperson sign and date this because you have completed your deliberations. If you answered "Yes" to Question One, then answer Question Two.)**

**QUESTION TWO**: Did Plaintiff David M. Diaz consent to the contact by Defendant Brian Warner?

Yes: _____ No: _____

**(If you answered "Yes" to Question Two, then do not answer any more questions on this Special Verdict form and have your foreperson sign and date this because you have completed your deliberations. If you answered "No" to Question Two, then answer Question Three.)**

## DAMAGES

**QUESTION THREE**: What sum of money will fairly and adequately compensate Plaintiff David Diaz for damages suffered by him, if any, as a result of the battery?

a. Past damages: embarrassment, humiliation, or emotional distress suffered by Plaintiff David M. Diaz as a result of the battery up until the date of trial.

Amount $ ______________

b. Future damages: embarrassment, humiliation, or emotional distress that Plaintiff David M. Diaz is reasonably certain to experience in the future as a result of the battery.

Amount $ ______________

**Sign the special verdict form, and inform the court security officer that you have finished deliberating.**

Dated: September 8, 2003

[signature]
Foreperson

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*